**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

RHONDA JEAN LONG                                                    PLAINTIFF


V.                          **CASE NO.: 3:09CV00163 BD**


MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                     DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff Rhonda Jean Long brings this action for review of a final decision of the
Commissioner of the Social Security Administration ("Commissioner") denying her claim
for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the
"Act") and Supplemental Security income ("SSI") under Title XVI of the Act.

I.    **Procedural History**:

Plaintiff filed her applications for DIB and SSI on March 30, 2007.  (Tr. 92-97)
Plaintiff alleges that she became disabled on November 1, 2006.  (Tr. 92, 95)  She claims
disability due to seizures, migraine headaches, and pain in her left shoulder.  (Tr. 28, 120)

The ALJ held a hearing on May 14, 2009.  (Tr. 16)  On July 22, 2009, the ALJ
issued a decision denying Plaintiff benefits.  (Tr. 7-15)  The Plaintiff requested review,
but the Appeals Council denied the request.  (Tr. 1-3)  Accordingly, the ALJ's decision
became the Commissioner's final decision for purposes of judicial review.

1

II.   **Background**:

Plaintiff was 28 years old at the time of the hearing.  (Tr. 13)  She had graduated

from high school (Tr. 20) and had past relevant work as a certified nurse assistant.  (Tr.

22)  She also had past work experience as a cashier, packer, and assembler.  (Tr. 21-23)

At the time of the hearing, Plaintiff lived with her husband and three children.  (Tr. 20)

III.   **Findings of the ALJ**:

The ALJ followed the required five-step sequence to determine: (1) whether the

claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a

severe impairment; (3) if so, whether the impairment (or combination of impairments)

met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart

P, 20 C.F.R. Part 404 (a "Listing"); (4) if not, whether the impairment (or combination of

impairments) prevented the claimant from doing past relevant work; and (5) if so,

whether the impairment (or combination of impairments) prevented the claimant from

performing any other jobs available in significant numbers in the national economy.  20

C.F.R. §§ 404.1520(a)-(g) (2005), 416.920(a)-(g) (2005).

The ALJ found that Plaintiff met the insured status requirements of the Act

through December 31, 2010 (Tr. 9) and found that Plaintiff had not engaged in substantial

gainful activity since November 1, 2006, her alleged onset date.  (Tr. 9)

The ALJ also found that Plaintiff has the following severe impairments: seizure

disorder, migraine headaches, and mild deformity of the left humeral head.  (Tr. 14)  The

ALJ determined, however, that Plaintiff did not have a "listed" impairment or

2

combination of impairments.  (Tr. 11)  The ALJ determined that Plaintiff did not have the

residual functional capacity ("RFC") to perform her past relevant work as a certified

nurse assistant (Tr. 13), but found she had the RFC to perform light work, reduced by the

ability to reach overhead only occasionally with the left-upper extremity and a need to

avoid hazards such as climbing ladders, ropes or scaffolds, unprotected heights, and

dangerous moving machinery.  (Tr. 11)  Based on the testimony of a vocational expert

("VE"), the ALJ found Plaintiff could perform work as a cashier.  The VE testified that

there were a significant number of cashier jobs available in the national economy.  (Tr.

14)  The ALJ concluded Plaintiff was not disabled.

IV.   **Analysis**:

 A.   *Standard of Review*

  In reviewing the Commissioner's decision, this Court must determine whether

there is substantial evidence in the administrative record to support the decision.  42

U.S.C. § 405(g).  "Substantial evidence is evidence that a reasonable mind would find

adequate to support the ALJ's conclusion."  *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir.

2007).  In reviewing the record as a whole, the Court "must consider the evidence which

detracts from the Commissioner's decision, as well as the evidence in support of the

decision," but the decision cannot be reversed, "simply because some evidence supports a

conclusion other than that of the Commissioner."  *Pelkey v. Barhart*, 433 F.3d 575, 578

(8th Cir. 2006).

B.    *The ALJ's Duty to Develop the Record*

Plaintiff argues that the ALJ erred by not fully developing the record with respect

to her ability to perform jobs that exist in the national economy.  Specifically, Plaintiff

claims the ALJ should have allowed her to present testimony regarding her limitations

that make her unable to perform work as a cashier.

A social security hearing is a non-adversarial proceeding, and the ALJ has a duty

to fully develop the record.  See *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record

fairly and fully, independent of the claimant's burden to press his case."  *Snead v.*

*Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004).  This is true even when the claimant is

represented by counsel at the administrative hearing.  *Id*.  The ALJ must "act neutrally in

developing the record."  *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct.

1420 (1971) ("The social security hearing examiner, furthermore, does not act as counsel.

He acts as an examiner charged with developing the facts."); *Battles v. Shalala*, 36 F.3d

43, 44 (8th Cir. 1994) (noting that the Commissioner and claimants' counsel both share

the goal of assuring that disabled claimants receive benefits)).

At the hearing, Plaintiff's counsel asked Plaintiff about her past work experience.

Plaintiff testified that from March to November, 2001, she worked as a cashier at a gas

station with a small convenience store.  (Tr. 23)  Later in the hearing, Plaintiff's counsel

offered to elicit further testimony from the Plaintiff about her cashier experience.  He

asked the ALJ, "[d]o we need to go into her work as a cashier to show she's unable to still

do that type of work?"  (Tr. 33)  The ALJ replied, "[n]o," at which point the attorney

passed the witness, and the ALJ began questioning Plaintiff's husband.  (Tr. 33)

    After Plaintiff and her husband had testified, the ALJ questioned a VE who

testified that, for Plaintiff's previous work as a cashier, "the exertional level is light.  The

skill level is SVP three.  That's semi-skilled.  The DOT number is 211.462-014."  (Tr. 37)

After the VE reviewed all of Plaintiff's prior work experiences, the ALJ presented the

following hypothetical:

> Q    – assume that the person is 28 years of age with a high school
> education and the past relevant work experience you just
> described; however, when answering the questions, I
> reviewed the file in this matter and the earnings as a cashier
> do not meet the requirements for substantial gainful activity.
> The only earnings that would meet that requirement was her
> earnings as a CNA.
>
> A    Okay.
>
> Q    And assume the person can perform no greater than light
> work as defined in the regulations and can - - could never
> climb, could occasionally reach overhead with the left upper
> extremity only, could avoid - - or must avoid even moderate
> exposure to heights and dangerous moving machinery.  Based
> on those restrictions, could such a person do the claimant's
> past work?
>
> A    No.
>
> Q    Would there be other jobs in the national or regional economy
> that such a person could perform?
>
> A    Yes, there are other jobs.  The one I'll have to go to that's the
> most obvious that would fall within that hypothetical are
> those folks that work as cashiers.  The - - at the light level - -
> the exertional level of light, the skill level is an SVP two.  The

5

title - - I'm sorry, the title of the cashier is cashier II. I'll get
them in the right order in a minute. The - - as I said, cashier
II, light - -

Q     Light, SVP two.

A     - - SVP two. And the DOT is 211.462-010.

. . .

Q     Now, if we use all those same restrictions; however, the
person could perform no greater than sedentary work as
defined in the regulations, would there be any such - - any
jobs for that person in the national or regional economy?

A     I'd have to stay with the cashier group. That is at the semi-
skilled level. That's primarily an SVP three and at the
sedentary level

(Tr. 37-39)

In his opinion, the ALJ relied on the VE's testimony that an individual with

Plaintiff's age, education, work experience and residual functional capacity could perform

the requirements of "representative unskilled occupations such as a cashier," and that

there are cashier jobs available in the national economy. (Tr. 14) Based on the VE's

testimony, the ALJ concluded that Plaintiff was not disabled.

The ALJ failed to fully develop the record with respect to Plaintiff's limitations.

Because the ALJ did not allow Plaintiff to testify about limitations that she alleged would

prevent her from working as a cashier, the hypothetical question posed by the ALJ, which

led to the VE's conclusion that the hypothetical individual could perform work as a

cashier, fell short of reflecting the Plaintiff's impairments. *Baker v. Apfel*, 159 F.3d 1140,

6

1145 (8th Cir. 1998) (hypothetical questions are inadequate when they do not fairly reflect the claimant's impairments and capabilities) (citing *Greene v.Sullivan*, 923 F.2d 99, 101 (8th Cir. 1991)).

Plaintiff's counsel's question to the ALJ, asking whether he should elicit testimony about Plaintiff's inability to return to work as a cashier, should have alerted the ALJ and the VE to the fact that Plaintiff might have had limitations that would prevent her from working as a cashier.  The ALJ failed to fully develop the record as to Plaintiff's limitations, and, in turn, the Commissioner failed to carry his burden of showing Plaintiff is qualified to perform jobs that exist in the economy.  See *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (ALJ failed to fully and fairly develop the record where hearing lasted ten minutes, ALJ asked no questions, and counsel's questions did not address the claimant's mental capacity to work).  Accordingly, the case must be remanded for proper development of the record.  See *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987) ("[u]nfairness or prejudice resulting from an incomplete record - weather because of lack of counsel or lack of diligence on the ALJ's part - requires a remand").

## V.    Conclusion:

The Court has reviewed all of the evidence in the record.  Having concluded the ALJ failed to fully develop the record on Plaintiff's limitations, there is not substantial evidence in the record as a whole to support the Commissioner's conclusion that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy.

Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a proper development of the record.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED, this 26th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

8